UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br>    Petitioner,<br>    v.<br>BRANDON PRICE,<br>    Respondent. | Case No. 21-07646 EJD (PR)<br>**ORDER OF TRANSER** |

Petitioner, a state patient at the Coalinga State Hospital, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the retroactive application of the "SVPA" (Sexually Violent Predator Act). Dkt. No. 1.

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction or sentencing. See Habeas L.R. 2254-3(b)(1); Dannenberg v. Ingle, 831 F. Supp. 767, 768 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). But if the petition challenges the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. See Habeas L.R. 2254-3(b)(2); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner was convicted in Sacramento County which lies within the Eastern District of California.  See 28 U.S.C. § 84(b).  Furthermore, Petitioner is currently confined at Coalinga State Hospital, Dkt. No. 1 at 1, in Fresno County which is also within the Eastern District.  Id.  Therefore, the venue for this action is in that district and not in this one.  See id.; Habeas L.R. 2254-3(a)(1).  Accordingly, this case is TRANSFERRED to the United States District Court for the Eastern District of California.  See 28 U.S.C. § 1406(a); Habeas L.R. 2254-3(b)(1).

The Clerk shall terminate all pending motions and transfer the entire file to the Eastern District of California.

**IT IS SO ORDERED.**

**Dated:** __10/8/2021_____

_____
EDWARD J. DAVILA
United States District Judge

Order of Transfer
PRO-SE\EJD\HC.21\07646Griffin_transfer(ED)

2