1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **EASTERN DISTRICT OF CALIFORNIA**

10

11  DEXTER LAWRENCE GRIFFIN,              )  Case No.: 1:21-cv-01516-JLT-BAK (EPG) (HC)
                                         )
12          Petitioner,                  )  ORDER DENYING PETITIONER'S MOTION
                                         )  FOR APPOINTMENT OF COUNSEL AND
13      v.                               )  MOTION FOR STAY
                                         )
14  BRANDON PRICE, Warden,               )
                                         )  (ECF No. 16)
15          Respondent.                  )
                                         )
16  _____  )

17          Petitioner Dexter Lawrence Griffin is a state prisoner proceeding *pro se* and *in forma pauperis*

18  with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has issued findings

19  and recommendations to dismiss the petition for lack of jurisdiction for failure to exhaust (ECF No.

20  14), and Petitioner has filed his objections to same (ECF No. 15). On January 4, 2022, Petitioner filed

21  a miscellaneous motion that he titles as a motion for amending the standing order of ongoing judicial

22  emergency in the Eastern District of California. (ECF No. 16). Petitioner's statements are vague and

23  unclear in the instant motion, and the relief requested is not clearly specified. (See ECF No. 16).

24  However, Petitioner appears to request the appointment of counsel and a stay of the case to exhaust

25  state remedies. (See id.)

26          **A.  Motion to Appoint Counsel**

27          There currently exists no absolute right to appointment of counsel in habeas proceedings. See,

28  e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481

1    (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any

2    stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule

3    8(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. To

4    determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits

5    as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

6    legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

7    　　　Petitioner has moved for appointment of counsel because of his limited resources and limited

8    access to the library because of COVID-19. (See ECF No. 16 at 4). However, limited access to

9    resources and a library are not a basis for the appointment of counsel. Additionally, upon review of the

10   petition and Petitioner's submissions to the Court, the undersigned finds that Petitioner appears to

11   have a sufficient grasp of the legal issues involved and that he can articulate his claims adequately.

12   The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood

13   of success on the merits such that the interests of justice require the appointment of counsel at the

14   present time. Accordingly, Petitioner's request for appointment of counsel is denied.

15   　　**B. Motion for Stay**

16   　　　A district court has discretion to stay a mixed petition and allow a petitioner to return to state

17   court to exhaust state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005). However, the Supreme

18   Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty

19   Act of 1996 (AEDPA). Id. In light of AEDPA's objectives, "stay and abeyance [is] available only in

20   limited circumstances." Id. at 277. Specifically, the Court said a stay is appropriate only when (1)

21   good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not

22   "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics

23   or intentional delay." Id. at 277-78; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a

24   petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs

25   the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

26   　　　In the instant motion, Petitioner fails to demonstrate that he has met the requirements for a

27   stay. Specifically, Petitioner fails to demonstrate good cause exists for his failure to exhaust and fails

28   to demonstrate his unexhausted claim is not "plainly meritless." Although there is no evidence before

the Court that Petitioner engaged in "abusive litigation tactics or intentional delay," that is insufficient to meet the requirements for a stay. Additionally, the Court previously issued an order to show cause to Petitioner why the petition should not be dismissed for failure to exhaust state remedies. (ECF No. 10). Petitioner filed a response to the order to show cause (ECF No. 10), however, failed to indicate that he has presented his claim for federal relief to the highest state court. Accordingly, the Court issued findings and recommendations that the habeas petition be dismissed without prejudice for lack of jurisdiction. Because Petitioner fails to meet the requirements for a stay, Petitioner's motion for a stay is denied.

The Court declines to revise the findings and recommendations issued on December 7, 2021. Accordingly, IT IS HEREBY ORDERED that Petitioner's motion (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **January 14, 2022**                    /s/ _Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE