1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    DEXTER LAWRENCE GRIFFIN,                    Case No. 1:21-cv-01516-ADA-CDB

12                    Petitioner,

13          v.                                     ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS TO DISMISS
14    BRANDON PRICE, Warden,                       UNEXHAUSTED PETITION WITHOUT
                                                   PREJUDICE
15                    Respondent.
                                                   (ECF No. 14)
16

17

18          Petitioner Dexter Lawrence Griffin ("Petitioner") is a state prisoner proceeding *pro se* with

19    a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  On October 25, 2021, the

20    assigned Magistrate Judge issued an order to show cause why the petition should not be dismissed

21    for failure to exhaust state remedies.  (ECF No. 10).  On November 18, 2021, Petitioner filed a

22    response to the order to show cause, however, failed to indicate that he had presented his claim for

23    federal relief to the highest relevant state court.  (ECF No. 12).  This matter was referred to a United

24    States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

25          On December 7, 2021, the assigned Magistrate Judge entered findings and

26    recommendations to dismiss the unexhausted petition without prejudice.  (ECF No. 14).  The

27    assigned Magistrate Judge held that Petitioner failed to indicate in his petition that he had presented

28    his claim for federal relief to the highest relevant state court.  (*Id*. at 3.)  In addition, the assigned

                                                    1

1    Magistrate Judge directed the Clerk of Court to assign a district judge to the case.  (*Id*.)  Those

2    findings and recommendations were served on Petitioner by mail and contained notice that any

3    objections were to be filed within twenty-one (21) days after service.  (*Id*.)

4         On December 20, 2021, Petitioner timely filed objections to the assigned Magistrate Judge's

5    findings and recommendations.  (ECF No. 15).  On January 4, 2022, Petitioner filed additional

6    objections, a motion to amend standing order of ongoing judicial emergency in Eastern District of

7    California, and requested the appointment of a guardian ad litem, class certification and

8    decertification pursuant to Federal Rule of Civil Procedure 23, motion to approve "minors

9    compromises" and a stay of the case to exhaust state remedies.[1]  (ECF No. 16).  From January 31,

10   2022, through February 7, 2022, Petitioner filed additional objections and motions to compel

11   discovery and requests for sanctions and subpoenas.[2]  (ECF Nos. 20, 22-23).  On February 28,

12   2022, Petitioner again filed objections to the assigned Magistrate Judge's findings and

13   recommendations.  (ECF No 24).

14        In his objections, which are difficult to decipher, Petitioner, at times, claims that he has

15   exhausted state judicial remedies.  (ECF No. 15 at 11); (ECF No. 24 at 8).  At other times, Petitioner

16   notes his habeas petition is not fully exhausted.  (ECF No. 15 at 16); *see also* (ECF No. 16 at 2)

17   (Petitioner requests a dismissal and/or stay of the "federal proceedings to allow for exhaustion").

18        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

19   Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,

20   including Petitioner's objections, this Court concludes that the findings and recommendations are

21   supported by the record and by proper analysis.  Petitioner fails to persuade this Court that he has

22   sought relief in the highest relevant state court.  Indeed, Petitioner admits his habeas petition was

23   not fully exhausted.  The Court cannot consider a petition that is unexhausted.  *Rose v. Lundy*, 455

24   U.S. 509, 521-22 (1982).

25   ///

26   ///

27

28
---
[1] On January 14, 2022, the assigned Magistrate Judge denied Petitioner's motion and requests for relief.  (ECF No. 19).
[2] On June 29, 2022, the assigned judge denied Petitioner's motions.  (ECF No. 25).

Accordingly,

1.  The findings and recommendations entered on December 7, 2021 (ECF No. 14) are adopted in full;

2.  The petition for writ of habeas corpus (ECF No. 1) is SUMMARILY DISMISSED without prejudice for lack of jurisdiction; and

3.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    February 14, 2023

_____
UNITED STATES DISTRICT JUDGE